**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARY PHILLIPS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RANGER OIL CORPORATION, EDWARD GEISER, DARRIN HENKE, RICHARD BURNETT, TIFFANY THOM CEPAK, GARRETT CHUNN, KEVIN CUMMING, TIMOTHY GRAY, JOSHUA SCHMIDT, and JEFFREY E. WOJAHN,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Mary Phillips ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.　　This is a stockholder action brought by Plaintiff against Ranger Oil Corporation ("Ranger" or the "Company") and the members of Ranger's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to merge Ranger with Baytex Energy Corp. ("Baytex") (the "Proposed Transaction").

2.      On February 27, 2023, Ranger entered into an Agreement and Plan of Merger with Baytex (as modified by a Joinder Agreement, dated as of May 3, 2023, pursuant to which Baytex's indirect wholly owned subsidiary, Nebula Merger Sub, LLC ("Merger Sub"), agreed to be bound by the terms and conditions of such agreement as a party thereto, the "Merger Agreement"). Pursuant to the terms of the Merger Agreement, Ranger stockholders will receive (i) 7.49 shares of Baytex common stock and (ii) $13.31 in cash per share of Ranger common stock.

3.      On May 18, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that Ranger stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the financial projections for Ranger and Baytex; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor BofA Securities Inc. ("BofA"); (iii) potential conflicts of interest faced by BofA and the Company's additional financial advisor Wells Fargo Securities, LLC ("Wells Fargo"); and (iv) the background of the Proposed Transaction.

4.      The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as Ranger stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5.      The special meeting for Ranger stockholders to vote on the Proposed Transaction is currently scheduled for June 16, 2023.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and Ranger's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction.  Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.     Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Ranger's common stock trades on the NASDAQ Global Select Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.     Plaintiff is, and has been at all relevant times, the owner of shares of Ranger common stock.

10.     Defendant Ranger is a Virginia corporation, with its principal executive offices located at 16285 Park Ten Place, Suite 500, Houston, Texas 77084.  Ranger's shares trade on the NASDAQ Global Select Market under the ticker symbol "ROCC."

11.     Defendant Edward Geiser has been Chairman of the Board and a director of the Company at all relevant times.

12.     Defendant Darrin Henke has been President, Chief Executive Officer, and a director of the Company at all relevant times.

13.     Defendant Richard Burnett has been a director of the Company at all relevant times.

14.     Defendant Tiffany Thom Cepak has been a director of the Company at all relevant times.

15.     Defendant Garrett Chunn has been a director of the Company at all relevant times.

16.     Defendant Kevin Cumming has been a director of the Company at all relevant times.

17.     Defendant Timothy Gray has been a director of the Company at all relevant times.

18.     Defendant Joshua Schmidt has been a director of the Company at all relevant times.

19.     Defendant Jeffrey E. Wojahn has been a director of the Company at all relevant times.

20.     Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

21.     Founded in 1882, Ranger is an independent oil and gas company engaged in the onshore development and production of crude oil, natural gas liquids, and natural gas in the United States.  The Company is engaged in drilling unconventional horizontal development wells and operates producing wells in the Eagle Ford Shale field in South Texas.

**The Proposed Transaction**

22.     On February 28, 2023, Ranger announced that it had entered into the Proposed Transaction, stating, in relevant part:

HOUSTON, TX / ACCESSWIRE / February 28, 2023 / Ranger Oil Corporation (NASDAQ:ROCC) ("Ranger" or the "Company") today announced that it has entered into a definitive agreement to combine with Baytex Energy Corp. (TSX, NYSE: BTE) ("Baytex") in a cash and stock transaction.

Under the terms of the agreement, Ranger shareholders will receive a fixed ratio of 7.49 shares of Baytex and $13.31 in cash for each Ranger share. Upon closing of the transactions contemplated by the agreement (the "Transactions"), Baytex shareholders will own approximately 63% of the combined company, and Ranger shareholders will own approximately 37%. The Transactions are expected to close in the second quarter of 2023.

Darrin Henke, President and Chief Executive Officer of Ranger, commented, "I couldn't be more proud of the Ranger team and the company we've built together. We expect that combining with the balance sheet strength, deep asset base, and operational excellence of Baytex will create a unique company of scale which will deliver sustained free cash flow growth and differentiated shareholder returns. We look forward to bringing together our complementary teams and assets to realize the long-term value of this combination for our shareholders."

Edward Geiser, Chairman of Ranger's Board and Managing Partner of Juniper Capital, added, "This transaction represents a leap forward in shareholder value creation potential and accelerates both companies' shareholder return strategies. We expect this combination will create a company that is exceptionally positioned for sustained shareholder returns."

**Advisors**

BofA Securities, Inc. and Wells Fargo Securities, LLC are acting as Ranger's financial advisors. Kirkland & Ellis LLP is serving as legal counsel and Stikeman Elliot LLP is serving a Canadian legal counsel.

## The Materially Incomplete and Misleading Proxy Statement

23.     On May 18, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC.  The Proxy Statement, which recommends that Ranger stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial projections for Ranger and Baytex; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor BofA; (iii) potential conflicts of interest faced by the Company's additional financial advisor Wells Fargo; and (iv) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Financial Projections for Ranger and Baytex*

24.     The Proxy Statement fails to disclose material information concerning the financial projections for Ranger and Baytex.

25.     For example, for each of the "Ranger projections for Ranger" and "Baytex projections with Ranger assumptions," the Proxy Statement fails to disclose the line items underlying the Company's and Baytex's respective projected Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning BofA's Financial Analyses*

26.     The Proxy Statement fails to disclose material information concerning BofA's financial analyses.

27.     With respect to BofA's *Discounted Cash Flow Analysis* of Ranger, the Proxy Statement fails to disclose a quantification of: (i) the inputs and assumptions underlying the discount rate range of 10.6% to 12.9%; and (ii) Ranger's fully-diluted shares outstanding.

28.     With respect to BofA's *Discounted Cash Flow Analysis* of Baytex, the Proxy Statement fails to disclose a quantification of: (i) the inputs and assumptions underlying the discount rate range of 8.0% to 9.4%; and (ii) Baytex's fully-diluted shares outstanding.

29.     With respect to BofA's *Has/Gets Analysis*, the Proxy Statement fails to disclose a quantification of: (i) the net debt expected to be incurred by Baytex; and (ii) Baytex's fully-diluted shares outstanding

30.     With respect to BofA's *Selected Publicly Traded Companies Analysis* and *Selected Precedent Transactions Analysis* of Ranger, the Proxy Statement fails to disclose: (i) the individual financial metrics for each of the selected companies and transactions analyzed by BofA, respectively; and (ii) the inputs and assumptions underlying the discount rate of 11.7%.

31.     With respect to BofA's *Selected Publicly Traded Companies Analysis* of Baytex, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies analyzed by BofA.

32.     With respect to BofA's analysis of price targets for Ranger and Baytex common stock, the Proxy Statement fails to disclose: (i) the individual price targets observed; and (ii) the sources thereof.

*Material Misrepresentations and/or Omissions Concerning BofA's and Wells Fargo's Potential Conflicts of Interest*

33.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by BofA and Wells Fargo.

34.     Specifically, the Proxy Statement fails to disclose whether BofA has provided any services to Baytex or its affiliates during the two years prior to the date of its opinion and, if so, the nature of these services and the amount of fees received by BofA for performing these services.

35.     Similarly, the Proxy Statement fails to disclose whether Wells Fargo has provided any services to Ranger, Baytex or their respective affiliates during the two years prior to its engagement on the Proposed Transaction and, if so, the nature of these services and the amount of fees received by Wells Fargo for performing these services.

36.     In addition, the Proxy Statement fails to disclose the details of the compensation Wells Fargo is entitled to receive, or has received, from Ranger in connection with its engagement on the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

37.     The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction.

38.     Specifically, the Proxy Statement fails to disclose whether the confidentiality agreements the Company entered into with Party A and Party C or the non-disclosure agreements the Company entered into with 12 potential acquirors during the sale process include a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding the parties from submitting a topping bid for the Company.

39.     In sum, the omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Ranger Financial Information," "Opinion of BofA Securities Inc. – Financial Advisor to Ranger," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of Ranger will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Ranger**

40.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

41.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  Ranger is liable as the issuer of these statements.

42.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

43.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

44.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

45.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

46.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

47.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

### COUNT II

**Claims for Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants**

48.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49.     The Individual Defendants acted as controlling persons of Ranger within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Ranger and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement,

they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

50.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Proxy Statement.

52.     By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

53.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Ranger, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  May 31, 2023                                  **ACOCELLI LAW, PLLC**

                                                     By   */s/ Richard A. Acocelli*
                                                           Richard A. Acocelli
                                                           33 Flying Point Road, Suite 131
                                                           Southampton, NY 11968
                                                           Tel: (631) 204-6187
                                                           Email: racocelli@acocellilaw.com

                                                           *Attorneys for Plaintiff*

11